Toomey, J.
On March 16, 1999, these parties were before the court for hearing on the motion of plaintiff Dennis Roy (“Roy”) for injunctive relief. Roy seeks to enjoin the defendant members of the Board of Selectmen (“Selectmen”) of the defendant Town of Spencer (“Town”) from violating G.L.c. 39, §23B(6) (the Open Meeting Law) and from permitting defendants Elizabeth and Barry Sutton (“Suttons”) to use a fence to barricade a gravel path abutting their property. Roy alleges that the gravel path, known as Vietnam Memorial Park Drive, is public property owned by the Town. To the extent that the Selectmen have permitted the Suttons to barricade the path, Roy alleges that the Town and the Selectmen have failed in their performance of a public duty under G.L.c. 40, §15.[2]
The defendants maintain that, as a private citizen, Roy lacks standing to bring the current action and, in any event, deny that the gravel drive is owned by the Town.
For the following reasons, plaintiffs motion for injunctive relief is ALLOWED.
BACKGROUND
On April 27, 1975, a gravel path was dedicated as “Vietnam Memorial Park Drive” in connection with a ceremony dedicating Vietnam Memorial Park in Spencer. A map prepared by the Spencer Building Inspector in 1978 identifies the gravel path as Vietnam Memorial Park Drive.
In July 1995, Nikolai and Stephany Ugrunow conveyed a plot of land in Spencer to the Suttons. The property thus conveyed abuts Vietnam Memorial Park Drive. The certificate of title to the Suttons’ property recites that the conveyance is “subject to the rights of others in a gravel drive as shown on a plan recorded in Plan Book 599, Plan 25.”
On May 22, 1997, after the Suttons had begun barricading the path, Spencer Town Counsel sent a letter informing the Suttons that they were unlawfully obstructing a public right of way and the public’s right of access to the park and the community center. The letter demanded that the Suttons cease and desist from blocking off or otherwise obstructing the gravel drive, and warned that, if the Suttons failed to comply, the Town would “take all appropriate legal action to preserve and maintain its rights.” Although the Suttons did not remove the barricade, the Town took no further action.
In 1998, the Selectmen inserted two articles into the warrant for a February Special Town Meeting (“Articles 31 and 32”). Articles 31 and 32 addressed the Town’s proposed acquisition from the Suttons of public rights over the gravel drive. On the date of the meeting, the Selectmen invited the Suttons to an executive session prior to the open meeting. At the subsequent open meeting, the Selectmen passed over Articles 31 and 32, and Town Meeting took no action on those Articles. The title to Vietnam Memorial Park Drive thus remained in status quo.
Later in 1998, the Selectmen commissioned attorney Peter Adams (“Adams”) to perform a title search on Vietnam Memorial Park Drive. Contrary to the opinion expressed by Town Counsel on May 22, 1997, the Selectmen and the new Town Counsel determined that the Suttons owned Vietnam Memorial Park Drive and that the Town had no ownership interest in the property.
Prior to a town meeting scheduled for March 1999, Roy requested an injunction requiring the Selectmen to comply with G.L.c. 39, §23B(6), the Open Meeting Law, in all proceedings regarding the gravel drive and the Suttons. After an ex parte hearing on March 12, 1999, this court issued a Temporary Restraining Order ordering the Town to comply with G.L.c. 39 and a Short Order of Notice for the parties to appear for hearing on March 16, 1999.
This action seeks to vindicate the ownership rights of the public in the gravel drive by enjoining the Town and the Suttons from blocking public access to the gravel drive.
DISCUSSION
I. Standing
Defendant Selectmen argue that, as a private citizen, Roy has no standing to bring this action against Spencer officials.[3] As a general rule, an individual taxpayer has no private right of action against a municipality unless the individual has a particular private right beyond the general right and interest of the public. See Lutheran Service Association of New England, Inc. v. Metropolitan District Commission, 397 Mass. 341, 343 (1986). A plaintiff is not required, however, to show a special interest in the result of a public action, or inaction, “when the question is one of public right and the purpose is to procure the performance of a public duty, and no other remedy is open.” Id. at 344, quoting Bancroft v. Building Comm’r. of Boston. 257 Mass. 82, 84 (1926). In such a situation, an individual’s interest in “the due execution of the laws" confers standing to bring an action against public officials for failure to perform a public duty. Lutheran Service Ass’n., supra, at 343.
Massachusetts law provides the following statutory procedure with which a municipality must comply in order to convey or abandon an interest in land. The officer of a city or town having charge of such interest in land may notify the selectmen that, in his opinion, such land, easement or right, or part thereof, is no longer required for public purposes. G.L.c. 40, §15. If the city council or the inhabitants of the town, by a two-thirds vote, then authorize the abandonment or conveyance of such interest, and specify the amount *723 to be paid, “the selectmen may, for such amount or a larger amount . . . convey such land, or part thereof, by deed, or declare such an easement or right, or part thereof, to be abandoned.” Id.
In order to convey or abandon any interest in land, the Spencer Selectmen are required to comply with the provisions of G.L.c. 40, §15. The existence of that legal duty confers the power to sue upon a private citizen; he or she may bring an action to compel public officials to perform the acts which they are legally obligated to perform. See Lutheran, supra, 397 Mass, at 344.
At bar, Roy has presented evidence that the Town of Spencer currently denies ownership of a property to which it claimed title in 1997, and there is no evidence that the Town has complied with the provisions of G.L.c. 40, §15 in conveying or abandoning the property. This is not a political dispute which is more fittingly resolved at the polls. Roy has standing to bring this action to ensure that Spencer officials are complying with their statutory duties regarding ownership of land.[4]
II. Preliminary Injunction
In considering whether to grant a preliminary injunction, the court conducts a balancing test. The court evaluates the moving party’s claim of injury together with its chance of success on the merits. Packaging Industries Group v. Cheney, 380 Mass. 609, 617 (1980). Thereafter, if the court finds that the failure to issue the injunction would “subject the moving party to a risk of (irreparable) harm in light of the party’s chance of success on the merits,” the court will weigh that risk against any similar risk of irreparable harm which granting the injunction would create for the opposing party. Id. Only when the balance between the risks cuts in favor of the moving party may a preliminary injunction properly be issued. Id.; Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 710 (1990).
A. Likelihood of Success on the Merits
It appears, at this very early stage of the lawsuit, that Roy has some likelihood of success on the merits in his action against the Town. See Packaging Industries Group, supra, at 622. Roy has standing to challenge the Town’s present assertion that it does not own Vietnam Memorial Park Drive, and there is some substance to Roy’s claim that the Town failed to comply with G.L.c. 40, §15 in its disposition of its alleged interest in Vietnam Memorial Park Drive. On this preliminary record, there is evidence that Spencer dedicated the gravel path as Vietnam Memorial Park Drive in 1975, that Town Counsel asserted public ownership of the property as recently as 1997, and that Town maps identify the gravel path as Vietnam Memorial Park Drive. Where there is evidence supporting Roy’s allegation that the Town owns the property, his chances of prevailing on his claim are not chimerical.
B. Irreparable Harm
Roy argues that an injunction permitting public access to Vietnam Memorial Park Drive will protect the public’s right of access to the Drive and to Vietnam Memorial Park and the community center. He contends that failure to issue the injunction will irreparably damage the public’s rights in the property. Roy concludes, therefore, that an injunction will relieve the public from suffering a harm (prolonged deprivation of access to a public way and to a public park) that will escape vindication should Roy’s action succeed on the merits. Packaging Industries, supra, at 616.
Neither the Suttons nor the Town has shown, on this record, an exposure to irreparable harm should the requested injunctive relief be granted. See Foxboro Co. v. Arabian American Oil Co., 805 F.2d 34 (1st Cir., 1986). When the Suttons purchased the property in 1995, the public enjoyed access to the park via the gravel path. Indeed, the Suttons’ certificate of title memorialized that access. Consequently, an injunction mandating the removal of the barricades from the gravel path while the ownership issue is being resolved will not cause the Suttons irreparable harm.
In an appropriate case, the court is also required to take into account the public interest in determining whether to grant a preliminary injunction. GTE Products v. Stewart, 414 Mass. 721, 723 (1993); Brookline v. Goldstein, 388 Mass. 443, 447 (1983). At bar, the public interest will indeed be well served by a preliminary order that seeks to preserve the public’s right of access to property during the time in which serious questions with respect to the ownership, in fee or otherwise, of that access are addressed in the judicial forum.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Suttons and the Town of Spencer are enjoined from blocking public access to Vietnam Memorial Drive in Spencer pending further order of the court.

 That statute provides that, where the Selectmen determine that public land, or a part thereof, is no longer required for public purposes, the citizens of the Town, by a two thirds vote, may “authorize the conveyance of such land, or of part thereof, or the abandonment of such easement or right, or of part thereof, and specify the minimum amount to be paid for such conveyance or abandonment.” Roy asserts that neither the Town nor the Selectmen have brought the instant matter before the voters for the purposes contemplated by the statute.

 Although Roy’s objective is to enjoin the Suttons from blocking public access to Vietnam Memorial Park Drive, his action for injunctive relief seeks to compel the Town to enforce its ownership rights in the property.

 The Town cites Uliasz v. Gillette, 357 Mass. 96, 104 (1970), in support of its position that Roy lacks standing. Uliasz addressed the standing of abutters to question the title of an adverse possessor. At bar, the issue is whether Roy has standing to challenge the Town’s performance of its statutory duties regarding public land. Uliasz, an abutter case, has no precedential effect upon the public duty case at bar.